IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GLEN A. MARSHALL,**

        Plaintiff,                                    No. 3:20-cv-00509-MO

v.                                                     OPINION AND ORDER

**CITY OF GRESHAM et al.,**

        Defendants.

**MOSMAN, J.**,

        Pro se Plaintiff Glen A. Marshall brought this civil rights action under 42 U.S.C. § 1983 against various city and county actors. Defendants filed a Joint Motion to Dismiss Mr. Marshall's Additional Claims [ECF 37] and Defendants City of Gresham and Mike Webb ("Gresham Defendants") and Defendants Multnomah County Sheriff's Office, Sergeant Wonacott, Officer J. Zwick, Officer A. Swail, Deputy Jones, Deputy Read, and Deputy Ferguson ("Multnomah County Defendants") each filed a Motion to Dismiss Mr. Marshall's First Amended Complaint [ECF 40, 41]. For the reasons explained below, I GRANT in part and DENY in part Defendants' Motions.

## PROCEDURAL BACKGROUND

        Mr. Marshall filed his First Amended Complaint [ECF 9] on June 3, 2020. Thereafter, he filed a Motion for Leave to File a Second Amended Complaint [ECF 15], attaching a Proposed Second Amended Complaint [ECF 15-1] consisting of additional claims that presumably incorporated by reference the First Amended Complaint. I issued an order granting in part Mr.

1 – OPINION AND ORDER

Marshall's motion and giving him 30 days in which to file a Second Amended Complaint. I specified that "his Second Amended Complaint must: (1) name all defendants in the caption of his Second Amended Complaint; (2) describe how each named defendant personally participated in the deprivation of a federal right; (3) not incorporate any prior document by reference; and (4) be on the form provided by the court." Order [ECF 16] at 2. Mr. Marshall then filed Additional Claims [ECF 34] consisting of an identical document to the document he initially filed as his Proposed Second Amended Complaint [ECF 15-1], with all the same defects. Defendants, in an abundance of caution, moved to dismiss all his claims.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal of a complaint is appropriate based on either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

## DISCUSSION

Mr. Marshall brings claims pursuant to Section 1983 for alleged constitutional violations stemming from a series of traffic stops. A Section 1983 claim has two elements: (1) a violation

2 – OPINION AND ORDER

of a federal constitutional or statutory right that was (2) committed under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Defendants filed a total of three motions to dismiss, arguing that Mr. Marshall's claims fail to satisfy the Fed. R. Civ. P. 12(b)(6) pleading standard and therefore require dismissal.

I.   **First Amended Complaint [ECF 9]**

   A.   **Municipal Liability Claim**

Mr. Marshall's First Claim alleges the Gresham Police Department and Multnomah County Sheriff's Office violated his constitutional rights by "ineffectively training their law enforcement officers pertaining to legal search and seizure guidelines, confidential informants, [and] immunity of confidential reliable informants." First Am. Compl. [ECF 9] at 5. I address this claim as to each Defendant in turn.

   1.   **Gresham Police Department**

While individual state actors, local government units, or municipalities can be sued under Section 1983, sheriff departments and police departments are generally not considered suable entities. *See United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005) (Ferguson, J., concurring) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995))). As such, while individual officers at the respective departments could be named, or the counties or cities could be sued directly under a *Monell* theory (which Mr. Marshall does as to the Multnomah County Sheriff's Office), it is improper to name a sheriff department or police department. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Therefore, I DISMISS Mr. Marshall's First Claim as to Defendant Gresham Police Department.

3 – OPINION AND ORDER

### 2. Multnomah County Sheriff's Office

Municipal liability for Section 1983 claims exists when a constitutional violation occurred as a result of an action pursuant to an official policy. *Monell*, 436 U.S. at 691–94. In the Ninth Circuit, a claim for municipal liability "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Mr. Marshall has not alleged sufficient facts to plausibly suggest an entitlement to relief on the theory of municipal liability against the Multnomah County Sheriff's Office. His allegations entirely consist of broad statements regarding ineffective training. *See City of Canton v. Harris*, 489 U.S. 378, 390 (1989) (a single municipal employee's inadequate training is insufficient to establish municipal liability). Mr. Marshall does not point to a single policy or custom that is at the root of his injuries. Such allegations do not meet the pleading standard for a municipal liability claim. Accordingly, I also DISMISS Mr. Marshall's First Claim as to Defendant Multnomah County Sheriff's Office.

### B. Claims Alleging General Participation in Unlawful Events

Claims Five and Seven essentially allege that Deputy Jones and Deputy Ferguson participated in some of the unlawful traffic stops and ensuing searches and seizures. However, Mr. Marshall does not articulate any potentially unlawful conduct committed by these Defendants specifically.

As to both Deputy Jones and Deputy Ferguson, Mr. Marshall seems to be alleging only that the deputies were present at some or all the stops and failed to announce their presence and purpose. First Am. Compl. [ECF 9] at 7–9. Mr. Marshall alleges that "Items were seized" but no inventory slip or record was made. *Id.* at 8, 9. However, there is no constitutional violation from a failure to write a police report. *See, e.g.*, *JL v. Weber*, No. 17-CV-0006-CAB (WVG), 2017 WL 4340398, at *6 (S.D. Cal. Sept. 29, 2017) ("The Court is unaware of any cases that have held that there is a constitutional right to the making of a police report."); *see also* Gresham Defs.' Mot. [ECF 40] at 7 (collecting cases). No other language in either claim indicates that Deputy Jones or Deputy Ferguson specifically did anything that would violate Mr. Marshall's rights. Essentially, these claims allege only that these deputies were present when unlawful searches and seizures occurred. Such general statements that do not indicate what Deputy Jones or Ferguson themselves did are too vague. Accordingly, I DISMISS Mr. Marshall's Fifth and Seventh Claims against Defendants Deputy Jones and Deputy Ferguson, respectively.

### C. Remaining Claims

Mr. Marshall's remaining claims—Claims Two, Three, Four, Six, and Eight[1]—against Defendants Sergeant Wonacott, Deputy Zwick, Deputy Swail, Deputy Reed, and Officer Webb allege more specific involvement in the traffic stops and related events. Defendants argue that these claims are too vague and conclusory to meet the requisite pleading standard. I disagree.

Mr. Marshall's claims include specific dates, individual officer's names and their involvement in the relevant traffic stops, and other details of the alleged constitutional violations. For example, in Claim Six Mr. Marshall alleges: "On 9/13/18 Deputy Reed seized money from

---

[1] Mr. Marshall's Claims Nine and Ten are against Officer Fife and Officer Spears. These Defendants were never properly served. *See* Return of Service [ECF 35, 36]. On March 16, 2021, I issued an Order to Show Cause [ECF 59] as to these claims.

5 – OPINION AND ORDER

me and failed to issue me a receipt or notice of seizure . . . ." This is not vague. Nor is it conclusory to plead that such events amounted to an illegal seizure. Accordingly, I DENY Defendants' request to dismiss the remaining claims.

## II.     Additional Claims [ECF 34]

Finally, Mr. Marshall's Additional Claims [ECF 34] allege violations of his Fifth and Eighth Amendment rights. Defendants filed a Joint Motion to Dismiss [ECF 37] arguing that these additional claims fail to state a valid claim for relief.

As to the Fifth Amendment claim, Defendants are correct that the Fifth Amendment protections apply only to federal actors. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Defendants are state and local actors. And as to the Eighth Amendment claim, Defendants are correct that because Mr. Marshall was not a prisoner at the time of the conduct giving rise to his claim, the Eighth Amendment does not apply. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc). Therefore, I DISMISS all of Mr. Marshall's Additional Claims [ECF 34].

## CONCLUSION

For the reasons stated above, I GRANT Defendants' Joint Motion to Dismiss [ECF 37] as to Mr. Marshall's Additional Claims [ECF 34], and GRANT in part and DENY in part Defendants' Motions to Dismiss [ECF 40, 41] Mr. Marshall's First Amended Complaint [ECF 9]. While a court should ordinarily allow a pro se plaintiff leave to amend his or her complaint "unless the pleading could not possibly be cured by the allegation of other facts," *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (internal quotation marks and citation omitted), Mr. Marshall has already had two opportunities to amend his complaint, and his latest attempt to amend his complaint did not remotely comply with my prior order. "The district court's

discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (internal quotation marks and citation omitted). Accordingly, I DISMISS Claims One, Five, and Seven of Mr. Marshall's Amended Complaint and I DISMISS all Mr. Marshall's Additional Claims with prejudice.

    IT IS SO ORDERED.

    DATED this __16th__ day of March, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

7 – OPINION AND ORDER